Nicholson, C. J.,
delivered tbe opinion of tbe court.
At the July term, 1873, of the circuit court of Hamilton county, the City National Bank brought suit on a note for $900, against R. M. Myers and W. A. Moore, the makers, and F. Vaugbn, the accommodation indorser thereof. Myers and Moore put in plea of nil debet and payment. Vaugbn put in no plea. Prior to the July term, 1874, Myers paid about $500 on the note, and prepared and furnished to Iris counsel pleas denying any further indebtedness to the hank, upon the ground that in various transactions with the bank during several preceding years, be bad paid usury to the bank, amounting to a sum equal to the balance of the note.
The bank and Vaugbn were notified by Myers that at the July term, 1874, his counsel would ask leave tó file these pleas, but when the time came on, and before the cause was regularly reached, the bank dismissed its suit as *413 against Myers and Moore. This left the suit standing against Vaughn, the accommodation indorser, who had put in no plea, and who did not then plead or ask leave to plead, but allowed judgment by default -to be taken against him.
Myers took no step to be made a defendant or to require Vaughn to' make defense, by offering to indemnify him aocording to sec. 3624 of the Code [Shannon’s Code, sec. 5389, and note].
After the bank took judgment by default against Vaughn, and at same term, Vaughn took judgment over, by motion, -against Myers for same amount [Shannon’s Code, sees. 5395, 5385, and notes]. Myers made no resistance to this judgment in favor of Vaughn, but afterwards filed this bill against Vaughn and the bank, setting forth the foregoing facts, and obtained injunction against the bank ¿s to its judgment against Vaughn, and against Vaughn as to his judgment against Myers.
The bank and Vaughn filed separate demurrers to the bill, both of which were overruled, and the bank and Vaughn have appealed.
It is alleged in the bill that Myers notified the bank and Vaughn of his purpose to apply for leave to p-ut "in his-plea of set-off, based upon former usury paid to the b-ank. Upon receiving this notice the bank elected to dismiss as to Myers and Moore, the makers. This she had a perfect right to do, and to proceed alone against Vaughn, the indorser. It is not alleged that there was any fraudulent combination or understanding between the bank and Vaughn, by which Vaughn was to allow judgment by default to be entered, upon the dismissal as to- Myers and Moo-re, nor is it alleged that the bank is insolvent. It was the right of Vaughn to defend o-r not, unless Myers should offer to indemnify him. If such offer had been made, Vaughn could not have allowed judgment by default to be taken. It was *414 the business of Myers to offer to indemnify him, and having failed to do' this, Vaughn had a right to protect himself by allowing judgment to be taken by the bank, and then moving for judgment over against Myers. It was in the power of Myers to have required Vaughn to make defense. Having failed to do so1, there is no’ equity in his bill, either against the bank or Vaughn, as there is no charge of a fraudulent combination, and nO' charge of insolvency as to' the bank.
The demurrer ought to have been sustained and the bill dismissed, which is now done, with costs.